CLOVIS SOUCY
v.
THE PEOPLE EX REL. NICHOLAS McCRACKEN.

Quo Warranto to Try Title to a Public Office—Decision of the Supreme
Court on Former Appeal, Conclusive—Fraud.

Upon a second appeal, in a proceeding in the nature of a *quo warranto* to
try the title of the respondent to the office of Supervisor, it is *held*: That
the decision of the Supreme Court, reversing the decision of this court,
affirming the original judgment of ouster of the court below, is conclusive
of the case as presented by the present record, the ground of said reversal
being the failure of the relator to establish his election as successor to the
respondent; and that it is immaterial whether the respondent was elected,
there being no one else elected to succeed him.

[Opinion filed November 24, 1886.]

APPEAL from the Circuit Court of St. Clair County; the Hon. AMOS WATTS, Judge, presiding.

Messrs. KOERNER & HORNER, for appellant.

Messrs. R. A. HALBERT and M. MILLARD, for appellee.

The case was reversed and remanded upon the former appeal, without any direction whatever, on the single point that the affidavit for a continuance was sufficient. This was the only error noticed by the court or assigned as a reason for sending the case back for another trial. No other question was decided, notwithstanding some remarks which were evidently based upon the assumption that the affidavit was true. It was thought the affidavit gave the correct state of facts, but that was far from the truth.

It was proper to re-try the case on all questions affecting the merits. Chickering v. Failes, 29 Ill. 294; Elston v. Kennicott, 52 Ill. 272; Mohler v. Weltberger, 74 Ill. 163.

It is said in these cases that the very object in remanding is to enable the parties to furnish additional evidence and obtain a decision upon their legal rights, regardless of technical objections.

WILKIN, P. J. This was a proceeding, begun in the Circuit Court of St. Clair County, in the nature of a *quo warranto*, to try the validity of appellant's claim to the office of supervisor of the village of Cohokia. The case was previously submitted to this court, and a judgment of ouster rendered by the said Circuit Court affirmed. On appeal to the Supreme Court that judgment was reversed and the cause remanded with directions to reverse the judgment below and remand the case. On a second trial judgment of ouster was again rendered and appellant appeals. We hold that the decision of the Supreme Court, reported in Volume 113, page 109, Illinois Reports, is decisive of this case as presented by the present record, and that upon its authority the judgment of the Circuit Court must be again reversed. It is true that one reason assigned by the Supreme Court for the reversal of the former judgment (the overruling appellant's motion for continuance) does not appear from this record, but it is mani-

fest from the language used by Justice Scott, who delivered the opinion of the court, that the substantial ground of reversal was the failure of relator to establish his election to the office of Supervisor as successor to appellant. From a careful comparison of the facts appearing in the present bill of exceptions with those recited and referred to in that opinion as existing in the record then before the Supreme Court, we are convinced that the same conclusion must be reached now as was then on the issue, as to whether or not there was such fraud and violence used at the election at which relator insists he was elected, as to defeat his claim of title to the office in this proceeding. Therefore, whether appellant was duly elected at that election or not is immaterial. No one else appearing to have been legally elected to succeed him, and he being by law authorized to hold the office until his successor should be elected and qualified, he can not, as is expressly decided in the former appeal to the Supreme Court, be held an usurper of the office as adjudged by the Circuit Court, and its judgment must therefore be reversed.

*Reversed.*